UNITED STATES BANKRUPTCY COURT

Eastern District Of California (Sacramento Division Office )

**FILED**
**05/19/05**
**CLERK, U.S. BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**auto**

# DISCHARGE OF DEBTOR

## Case Number: 05 - 21790-C-7

**Debtor Name(s), Social Security Number(s), and Address(es):**

Nancy Elizabeth Mannion xxx-xx-9919

537 CHANCELLOR BLVD
REDDING, CA 96003
OTHER NAMES USED WITHIN 6 YEARS BEFORE FILING THE PETITION:

Nancy Elizabeth Reyes

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

DATED: 05/19/05

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

Sacramento Division Office
501 I Street, Suite 3-200
Sacramento, CA 95814

Form BL/L55
Continued (12/03)

EXPLANATION OF BANKRUPTCY DISCHARGE
IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged; and

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**NOTE: The granting of this discharge does not affect any pending or subsequently filed complaints to determine the dischargeability of specific debts under 11 U.S.C. § 523.**

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

BAE SYSTEMS
Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

District/off: 0972-2 User: auto Page 1 of 1 Date Rcvd: May 19, 2005
Case: 05-21790 Form ID: 265 Total Served: 6

The following entities were served by first class mail on May 21, 2005.

| | | |
|---|---|---|
| db | +Mannion, Nancy Elizabeth, 537 CHANCELLOR BLVD, REDDING, CA 96003-9029 |
| aty | +Alvey, Darryll E., 1907 Park Marina Dr, Redding, CA 96001-0962 |
| tr | Dacquisto, Michael P., PO Box 992631, Redding, CA 96099-2631 |
| 7519392 | +Bay Federal Credit Union, 3333 Clares Street, Capitola CA 95010-2564 |
| 7519393 | Mercy Medical Center Redding, P O Box 496009, Redding CA 96049-6009 |
| 7519394 | +Santa Cruz Mortgage Company, 500 Seabright Avenue Suite 105, Santa Cruz CA 95062-3480 |

The following entities were served by electronic transmission.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 21, 2005 Signature: Joseph Speetjens